1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

HOLLYWOOD 180 HOLDCO, LLC,

              Plaintiff,

     v.

TIBEBU ALEMAN, et al.,

              Defendants.

**Case No. CV 17-07895-R (RAOx)**

**ORDER REMANDING ACTION AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**

## I.

## FACTUAL BACKGROUND

Plaintiff Hollywood 180 Holdco, LLC, ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendants Tibebu Aleman, and Does 1-10, on or about August 1, 2017. Notice of Removal ("Removal") and Attached Complaint ("Compl."), Dkt. No. 1. Defendants are allegedly tenants of real property located in Los Angeles, California ("the property"). Compl. ¶¶ 3, 6. Plaintiff is the owner of the property. *Id.* at ¶¶ 2, 4. Plaintiff filed the unlawful detainer action demanding that defendants quit and deliver up possession of the property. *Id.* at ¶¶ 7-8. Plaintiff also seeks monetary damages. *Id.* at ¶¶ 10-11, 17.

Defendant Ketema Bekele ("Defendant") filed a Notice of Removal on October 27, 2017, invoking the Court's diversity jurisdiction. Removal at 2. Defendant also filed an Application to Proceed *In Forma Pauperis*. Dkt. No. 3.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Removal at 2. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1332 provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between (1) citizens of different States . . . ." *See id.* § 1332.

2

1

2          Here, the Court's review of the Notice of Removal and attached Complaint

3   makes clear that there is no basis for diversity jurisdiction.  The Complaint lists

4   Plaintiff's business address as a location in Long Beach, California.  *See* Compl. at

5   1.  Defendants currently reside at a property located in Los Angeles, California.  *Id.*

6   at ¶ 3.  Thus, the parties are citizens of the same state, and no diversity exists.

7   Further, the amount in controversy does not exceed the diversity jurisdiction

8   threshold of $75,000.  *See* 28 U.S.C. § 1332(a).  The amount in controversy is

9   determined from the complaint itself, unless it appears to a legal certainty that the

10  claim is worth a different amount than that pled in the complaint.  *Horton v. Liberty*

11  *Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk*

12  *v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).   In filing the

13  action, Plaintiff explicitly limited its demand for damages, stating that the amount

14  of damages "exceeds $10,000 but does not exceed $25,000."  (*See* Compl. at 1.)

15  Because the amount of damages that Plaintiff seeks appears to be below the

16  jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**III.**

**CONCLUSION**

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's Application to Proceed *In Forma Pauperis* is DENIED as moot.

IT IS SO ORDERED.

DATED: November 1, 2017

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE